JACKIE E. LEWIS, Plaintiff v. DR. JANAKI RAM SETTY, Defendant

No. COA97-1294

(Filed 18 August 1998)

## Medical Malpractice— professional medical services—transfer from examining table to wheelchair

The dismissal of an action pursuant to N.C.G.S. § 1A-1, Rule 9(j) for failure to have the medical care reviewed by an expert was reversed where plaintiff's injury occurred while he was being moved from the examination table to a wheelchair. Removal of plaintiff to the wheelchair was predominately a physical or manual activity which did not involve an occupation involving specialized knowledge or skill and the alleged negligent acts of defendant thus do not fall into the realm of professional medical services. It was therefore not necessary for plaintiff to specifically comply with Rule 9(j).

Appeal by plaintiff from order filed 7 August 1997 by Judge W. Osmond Smith, III, in Forsyth County Superior Court. Heard in the Court of Appeals 3 June 1998.

**LEWIS v. SETTY**

[130 N.C. App. 606 (1998)]

*Lennard D. Tucker, for plaintiff appellant.*

*Wilson & Iseman, L.L.P., by Elizabeth Horton, for defendant appellee.*

GREENE, Judge.

Jackie E. Lewis (plaintiff) appeals from the trial court's grant of Dr. Janaki Ram Setty's (defendant) motion to dismiss the complaint for failure to comply with Rule 9(j).

The plaintiff alleges the following in his complaint: The plaintiff, a quadriplegic, made an appointment with the defendant for an examination because the plaintiff was having chest pains. Prior to the appointment, the plaintiff inquired about the defendant's facilities, and was assured that the office was equipped with a table that could be raised and lowered to facilitate the plaintiff's transfer to and from his wheelchair. On 4 April 1996, the appointment took place at the defendant's office. The examination table had a lever on its side which allowed it to be raised or lowered. The plaintiff, however, was successfully transferred from his wheelchair to the examination table without the examination table being raised or lowered, and the defendant then examined the plaintiff.

After the examination, the defendant and Brenda Norris (Ms. Norris), the plaintiff's live-in assistant, attempted to transfer the plaintiff from the examination table back to the wheelchair without lowering the table. During the attempted transfer, a loud "pop" was heard, and the plaintiff complained of dizziness and began to perspire. X-rays later showed a subcapital fracture to the right hip.

The plaintiff filed a complaint against the defendant alleging that the defendant "failed to use reasonable care by not raising and lowering the head of the examining table in the course of performing the [p]laintiff's examination." The complaint did not assert that "the medical care ha[d] been reviewed by a person who is reasonably expected to qualify as an expert witness" as required by Rule 9(j) for medical malpractice actions.

---

The issue is whether the defendant's alleged negligence falls within the definition of medical malpractice as that term is used in Rule 9(j).

Rule 9(j) of the North Carolina Rules of Civil Procedure provides that complaints alleging "medical malpractice by a health care

provider as defined in G.S. 90-21.11[1] in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless" the complaint specifically asserts that the medical care has been reviewed by a person who will qualify as an expert witness or by a person the complainant will seek to have qualified as an expert witness. N.C.G.S. § 1A-1, Rule 9(j) (Supp. 1997).

A "medical malpractice action" as used in Article 1B of Chapter 90 of the North Carolina General Statutes is defined as "a civil action for damages for personal injury or death arising out of the furnishing or failure to furnish *professional services* in the performance of medical, dental, or other health care by a health care provider." N.C.G.S. § 90-21.11 (1997) (emphasis added). "Professional services" has been defined by this Court to mean an act or service " 'arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor [or] skill involved is predominantly mental or intellectual, rather than physical or manual.' " *Smith v. Keator*, 21 N.C. App. 102, 105-06, 203 S.E.2d 411, 415 (1974) (quoting *Marx v. Hartford Acc. & Ind. Co.*, 157 N.W.2d 870, 872 (Neb. 1968)), *cert. denied*, 285 N.C. 235, 204 S.E.2d 25, *and aff'd*, 285 N.C. 530, 206 S.E.2d 203, *and appeal dismissed*, 419 U.S. 1043, 42 L. Ed. 2d 636 (1974); *see* Irving J. Sloan, *Professional Malpractice* 4 (1992) (professional services encompass work that is "predominately intellectual and varied in character (as distinguished from routine mental, manual, mechanical, or physical work)"); 1 David W. Louisell and Harold Williams, *Medical Malpractice* § 8.01[2] (1998) ("[A]cts or omissions in malpractice involve matters of medical science.").

In this case, the removal of the plaintiff from the examination table to the wheelchair did not involve an occupation involving specialized knowledge or skill, as it was predominately a physical or manual activity. It thus follows that the alleged negligent acts of the defendant do not fall into the realm of professional medical services. Any negligence which may have occurred when the defendant and Ms. Norris attempted to move the plaintiff from the examination table back to his wheelchair falls squarely within the parameters of ordinary negligence. *See* Angela Holder, *Medical Malpractice Law* 175 (1975) (actions involving falls from beds or examining tables, equipment failures, or other types of accidents in a doctor's office differ from medical malpractice actions because they do not involve negligent treatment); *see also Norris v. Hospital*, 21 N.C. App. 623,

---

1. In this case there is no dispute that the defendant is a health care provider within the meaning of N.C. Gen. Stat. § 90-21.11.

**LEWIS v. SETTY**

[130 N.C. App. 606 (1998)]

626-27, 205 S.E.2d 345, 348 (1974) (when nurses did not raise rails of bed or instruct patient to ask for assistance in getting out of bed, patient's action for damages resulting from fall was for ordinary negligence, not medical malpractice). It was not necessary, therefore, for plaintiff to specifically comply with Rule 9(j) and the dismissal must be reversed.

Reversed.

Judges MARTIN, Mark D. and TIMMONS-GOODSON concur.