CAROL TAYLOR, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF ROSA TAYLOR, PLAINTIFF v. VENCOR, INC., FIRST HEALTHCARE CORPORATION D/B/A HILLHAVEN SOUTH, INC., AND HILLHAVEN REHABILITATION AND HEALTHCARE CENTER, DEFENDANTS

No..COA99-123

(Filed 1 February 2000)

**Hospitals and Other Medical Facilities— nursing home—observation of patient's smoking—not medical malpractice**

The trial court erred by granting a motion to dismiss under N.C.G.S. § 1A-1, Rule 9(j) in an action alleging negligence in the observation and supervision of the smoking area of a nursing home. The observation and supervision of plaintiff while she smoked did not constitute an occupation involving specialized knowledge or skill and did not involve matters of medical science; this was a claim for ordinary negligence, not medical malpractice subject to Rule 9.

Appeal by plaintiffs from judgment entered 6 November 1998 and filed 10 November 1998 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 26 October 1999.

*Burford & Lewis, PLLC, by Robert J. Burford, for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, L.L.P., by H. Lee Evans, Jr. and Jaye E. Bingham, for defendants-appellees.*

WALKER, Judge.

Plaintiff Carol Taylor filed this action alleging negligence in the wrongful death of her mother, Rosa Taylor. Defendants denied liability and subsequently moved to dismiss the action pursuant to Rules 12(b) and 9(j) of the North Carolina Rules of Civil Procedure. Prior to the trial court's ruling on defendants' motion, plaintiff moved for leave to amend the complaint, which was denied. Based on plaintiff's

## TAYLOR v. VENCOR, INC.

[136 N.C. App. 528 (2000)]

failure to comply with Rule 9(j), the trial court granted defendants' motion to dismiss with prejudice.

Plaintiff's complaint alleged the following: Rosa Taylor, a resident of defendants' nursing home for approximately two months before the accident occurred, required direct observation and supervision while smoking due to her mental and physical problems. While in a designated smoking area in the nursing home, Rosa Taylor attempted to light a cigarette and somehow caught her nightgown on fire, inflicting serious burn injuries, which resulted in her death one week later. Plaintiff claims that defendants failed, through inadequate staffing and other negligent behavior, to provide adequate observation and supervision while Rosa Taylor smoked cigarettes.

Defendants argue that plaintiff alleged a claim for medical malpractice only, thus subjecting her complaint to the requirements of Rule 9(j), which provides in part:

> (j) Medical malpractice.—Any complaint alleging medical malpractice by a health care provider as defined in G.S. 90-21.11 in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless:
>
> > (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care[.]

N.C. Gen. Stat. § 1A-1, Rule 9(j) (1999). Defendants moved to dismiss plaintiff's claim based on her failure to comply with Rule 9(j) and the trial court allowed the motion based on non-compliance with Rule 9(j).

Plaintiff first assigns as error the trial court's granting of defendants' motion to dismiss by arguing that her complaint alleged a claim for ordinary negligence and thus was not subject to the requirements of Rule 9(j).

In *Lewis v. Setty*, 130 N.C. App. 606, 608, 503 S.E.2d 673, 674 (1998), this Court stated:

> A "medical malpractice action" as used in Article 1B of Chapter 90 of the North Carolina General Statutes is defined as "a civil action for damages for personal injury or death arising out of the furnishing or failure to furnish *professional services* in the per-

TAYLOR v. VENCOR, INC.

[136 N.C. App. 528 (2000)]

formance of medical, dental, or other health care by a health care provider." N.C.G.S. § 90-21.11 (1997) (emphasis added). "Professional services" has been defined by this Court to mean an act or service " 'arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor [or] skill involved is predominantly mental or intellectual, rather than physical or manual.' " *Smith v. Keator*, 21 N.C. App. 102, 105-06, 203 S.E.2d 411, 415 (1974) (*quoting Marx v. Hartford Acc. & Ind. Co.*, 157 N.W.2d 870, 872 (Neb. 1968)), *cert. denied*, 285 N.C. 235, 204 S.E.2d 25, *and aff'd*, 285 N.C. 530, 206 S.E.2d 203, *and appeal dismissed*, 419 U.S. 1043, 42 L. Ed. 2d 636 (1974); *see* Irving J. Sloan, *Professional Malpractice* 4 (1992) (professional services encompass work that is "predominately intellectual and varied in character (as distinguished from routine mental, manual, mechanical, or physical work)"); 1 David W. Louisell and Harold Williams, *Medical Malpractice* § 8.01[2] (1998) ("[A]cts or omissions in malpractice involve matters of medical science").

In *Lewis*, a patient was injured while being transferred from the examination table to her wheelchair. The patient sued the defendant for failure to use reasonable care by not raising and lowering the head of the examining table in the course of performing the plaintiff's examination. In reversing the trial court's dismissal of plaintiff's claim for failure to comply with Rule 9(j), this Court held that "[a]ny negligence which may have occurred when the defendant and [plaintiff's live-in assistant] attempted to move the plaintiff from the examination table back to his wheelchair falls squarely within the parameters of ordinary negligence." *Id.* at 608, 503 S.E.2d at 674.

Likewise in this case, the observance and supervision of the plaintiff, when she smoked in the designated smoking area, did not constitute an occupation involving specialized knowledge or skill. Preventing a patient from dropping a match or a lighted cigarette upon themselves, while in a designated smoking room, does not involve matters of medical science. Such behaviors are properly applied to the standards of ordinary negligence. The trial court's granting of defendants' motion to dismiss was error in regard to plaintiff's ordinary negligence claim.

Plaintiff next assigns as error the trial court's denial of her motion to amend the complaint. Since the acts complained of only give rise to an ordinary negligence claim, any amendment of her com-

plaint to comply with Rule 9(j) would be futile. Thus, the trial court did not err in denying plaintiff's motion to amend.

Affirmed in part and reversed in part.

Judges GREENE and TIMMONS-GOODSON concur.