MASSIE HORSLEY AND DENNY HORSLEY, PLAINTIFFS v. HALIFAX REGIONAL MEDICAL CENTER, INC., DEFENDANT

No. COA11-1443

(Filed 1 May 2012)

**Medical Malpractice—gross negligence—Rule 9(j) certification—not needed**

The trial court erred by concluding that plaintiffs' gross negligence complaint alleged medical malpractice and by dismissing plaintiffs' complaint for failure to include a Rule 9(j) certification. The decision of whether to offer a cane to a patient who has trouble walking is not one that requires specialized skill and, as a result, expert testimony on the matter was not necessary to develop plaintiffs' negligence case for the jury.

Appeal by plaintiffs from order entered 22 June 2011 by Judge Quentin T. Sumner in Halifax County Superior Court. Heard in the Court of Appeals 5 April 2012.

*Richard E. Batts, attorney for plaintiffs.*

*Bonnie J. Refinski-Knight and Luke A. Dalton of Harris Creech Ward & Blackberry, attorneys for defendant.*

ELMORE, Judge.

Massie Horsley and Denny Horsely (together plaintiffs) appeal from an order dismissing their complaint without prejudice for failure to include a Rule 9(j) certification and ordering them to pay the costs of Halifax Regional Medical Center, Inc. (defendant). We reverse.

On 17 June 2008, Massie was admitted to the psychiatric unit of Halifax Regional Medical Center for a recurring nervous condition. Massie had difficulty walking and standing, and at the time of her admission, her husband, Denny, sought to bring Massie's walker or cane into the hospital. Denny was told not to include these items, because the hospital would provide Massie with everything she needed. The psychiatrist who admitted Massie then informed the nurses that she had trouble standing.

On the evening of 17 June 2008, Massie was preparing to walk to the cafeteria for her evening meal. She exited her room and stood against the wall near the nurses' station. While standing there she said aloud that she was going to fall. None of the nurses offered Massie a wheel chair, cane, or walker. She then fell to the floor and sustained injuries.

On 16 June 2010 plaintiffs filed suit against defendant for Massie's injuries, alleging gross negligence. Defendant then filed a motion to dismiss for failure to comply with N.C.R. Civ. P., Rule 9(j). In that motion, defendant argued that plaintiffs' complaint alleged medical malpractice, but that plaintiffs "failed to certify that they have had a health care provider who reviewed the medical records of this action prior to filing suit and who will testify that the medical care did not comply with the applicable standards of care." The trial court agreed, and entered an order dismissing plaintiffs' suit without prejudice and assessing defendant's costs against plaintiffs. In that order the trial court stated that plaintiffs "pled a medical malpractice action" and that plaintiffs "have had an opportunity to have the case reviewed by a healthcare provider . . . but have not yet done so[.]" Plaintiffs now appeal.

Plaintiffs first argue that the trial court erred in dismissing their complaint for failure to include a Rule 9(j) certification. Specifically, plaintiffs argue that the trial court erred in concluding that their complaint alleged medical malpractice. We agree.

"This Court must conduct a de novo review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C.*

HORSLEY v. HALIFAX REG'L MED. CTR., INC.

[220 N.C. App. 411 (2012)]

*Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (2003), *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673-74 (2003). "Rule 9(j) of the North Carolina Rules of Civil Procedure provides that complaints alleging medical malpractice by a health care provider . . . shall be dismissed unless the complaint specifically asserts that the medical care has been reviewed by a person who will qualify as an expert witness or by a person the complainant will seek to have qualified as an expert witness." *Lewis v. Setty*, 130 N.C. App. 606, 607-08, 503 S.E.2d 673, 674 (1998) (quotations and citations omitted). "A medical malpractice action . . . is defined as a civil action for damages for personal injury or death arising out of the furnishing or failure to furnish *professional services* . . . by a health care provider. *Professional services* has been defined by this Court to mean an act or service . . . involving specialized knowledge, labor, or skill[.]" *Id.* at 608, 503 S.E.2d at 674 (quotations and citations omitted) (emphasis added). A hospital is considered a health care provider. *See* N.C. Gen. Stat. § 90-21.11 (2011).

Here, plaintiffs' primary argument on appeal is that the nurses' decision, whether to provide Massie with a cane, involved a matter of ordinary care and did not require the exercise of clinical judgment and intellectual skill. Defendant argues the opposite and relies on this Court's ruling in *Sturgill v. Ashe Mem'l Hosp., Inc.*, as the basis for its argument.

In *Sturgill*, the plaintiff brought a claim against the hospital for the death of her father. There, the nurses failed to apply restraints to the plaintiff's father and he fell out of his hospital bed and died. The plaintiff alleged that "[i]f he had been *properly restrained*, [my father] would not have been able to have gotten out of bed and fallen." 186 N.C. App. 624, 630, 652 S.E.2d 302, 306 (2007) (emphasis in original). This Court concluded that "the decision to apply restraints is a medical decision requiring clinical judgment and intellectual skill" and that "plaintiff's complaint is a claim for medical malpractice, thus requiring [R]ule 9(j) certification." *Id.* However, in reaching this conclusion we found that "[i]t is undisputed in the record that the use of restraints is a medical decision that *normally requires an order written by a physician or physician's assistant.* It is also undisputed in the record that [a] medical assessment for the use of restraints can be delicate and complex, and as such, requires the application of clinical judgment." *Id.*

We find the facts of the case *sub judice* to be distinguishable from *Sturgill*. Here, nothing in the record indicates that the decision to offer a cane to a patient requires a written order or a medical assessment. Rather, that decision more closely mirrors the cases in which we have held that the actions of the healthcare provider did not require specialized skills.

In *Norris v. Rowan Memorial Hospital, Inc.*, the plaintiff sued the hospital for failure of its nurses to raise her bed side rails, causing her to fall out of her bed and be injured. We held that the nurses' actions "did not involve the rendering or failure to render professional nursing or medical services requiring special skills, [and that] expert testimony on behalf of the plaintiff as to the standard of due care prevailing among hospitals in like situations is not necessary to develop a case of negligence for the jury." 21 N.C. App. 623, 626, 205 S.E.2d 345, 348 (1974).

Likewise, in *Lewis* the plaintiff sued a physician for failure to lower the examination table prior to transferring him from his wheelchair to the table. We held that "the removal of the plaintiff from the examination table to the wheelchair did not involve an occupation involving specialized knowledge or skill, as it was predominately a physical or manual activity. It thus follows that the alleged negligent acts of the defendant do not fall into the realm of professional medical services." 130 N.C. App. at 608, 503 S.E.2d at 674. We then held that "[i]t was not necessary, therefore, for the plaintiff to specifically comply with Rule 9(j) and the dismissal must be reversed." *Id.* at 609, 503 S.E.2d at 674.

Here, we conclude that the decision of whether to offer a cane to a patient who has trouble walking is not one that requires specialized skill. As a result, expert testimony on the matter is not necessary to develop a case of negligence for the jury. Accordingly, we reverse the decision of the trial court dismissing plaintiffs' complaint and assessing defendant's costs against plaintiffs.

Reversed.

Judges GEER and THIGPEN concur.