DAVIS, Circuit Judge,
dissenting:
Because, in one fell swoop, my friends in the majority manage to misapply both federal procedural law and North Carolina substantive law, I respectfully dissent.
“[RJeading the complaint ‘liberally in favor of the plaintiff,”’ Sciolino v. City of Newport News, Va., 480 F.3d 642, 651 (4th Cir.2007) (quoting Anderson v. Found. for Advancement, Educ. and Emp’t of Am. Indians, 155 F.3d 500, 505 (4th Cir.1998) (citing, inter alia, Fed.R.Civ.P. 8)), Mrs. Littlepaige states a claim for ordinary negligence. She alleges that her husband was “under the exclusive care of [the VA Hospital],” the VA Hospital failed to “observe and monitor [him],” her husband fell from his bed, and he “suffered a broken hip and bruises and contusions.” J.A. 2-3. “[A] jury [is] fully capable without aid of expert opinion to apply the standard of the reasonably prudent man” to any evidence in support of these allegations. Norris v. Rowan Mem’l Hosp., Inc., 21 N.C.App. 623, 205 S.E.2d 345, 348 (1974). Indeed, such assertions are quite similar to claims of ordinary negligence that arise out of a hospital’s decision not “to offer a cane to a patient who has trouble walking,” Horsley v. Halifax Reg’l Med. Ctr., Inc., 725 S.E.2d 420, 422 (N.C.Ct.App.2012); a hospital’s alleged failure “to raise the bed rails on [a patient’s] bed” or “instruct her to use the bedside call button to obtain assistance in going to the bathroom,” Norris, 205 S.E.2d at 348; or a nursing home’s alleged failure to “observ[e] and supervisfe] ... [a resident] ... smok[ing] in [a] designated smoking area” to prevent her from burning herself, Taylor v. Vencor, Inc., 136 *297 N.C.App. 528, 525 S.E.2d 201, 203 (2000). In short, the allegations in the complaint quoted in this paragraph did not arise “out of the furnishing or failure to furnish professional services in the performance of medical, dental, or other health care by a health care provider,” where “professional services” means “an act or service arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor [or] skill involved is predominantly mental or intellectual, rather than physical or manual.” Lewis v. Setty, 130 N.C.App. 606, 503 S.E.2d 673, 674 (1998) (emphasis, citations, and internal quotations omitted).[1]
That the pleading also asserts facts giving rise to a medical malpractice claim does not warrant dismissal of the entire complaint for failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure, which, under the fulsome progeny of Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), governs pleading in this federal action,[2] permits a party to “set out 2 or more statements of a claim,” and “as many separate claims ... as it has, regardless of consistency.” Fed.R.Civ.P. 8(d). Moreover, “[pjleadings must be construed so as to do justice,” Fed.R.Civ.P. 8(e), and “[a]n overly restrictive reading of a complaint is inconsistent with th[is] mandate,” Starks v. Perloff Bros., Inc., 760 F.2d 52, 55 (3d Cir.1985). Because the complaint in this case can be construed (indeed, it is impossible to construe it any other way) to allege a claim of ordinary negligence, we should reverse the district court’s order dismissing the complaint and remand this case for further proceedings.

. In Lewis, the court held that damages claims based on the negligent movement of a patient from an examination table to a wheelchair in a physician's office did not sound in medical malpractice. The court explained its holding as follows, in part:
In this case, the removal of the plaintiff from the examination table to the wheelchair did not involve an occupation involving specialized knowledge or skill, as it was predominately a physical or manual activity. It thus follows that the alleged negligent acts of the defendant do not fall into the realm of professional medical services. Any negligence which may have occurred when the defendant and Ms. Norris attempted to move the plaintiff from the examination table back to his wheelchair falls squarely within the parameters of ordinary negligence. See Angela Holder, Medical Malpractice Law 175 (1975) (actions involving falls from beds or examining tables, equipment failures, or other types of accidents in a doctor’s office differ from medical malpractice actions because they do not involve negligent treatment).
Lewis, 503 S.E.2d at 674. This reasoning from precedential opinion of the North Carolina intermediate appellate court should count for more than Deal v. Frye Reg’l Med. Ctr., Inc., 691 S.E.2d 132 (table), 2010 WL 522727 (N.C.Ct.App. Feb. 16, 2010), on which the majority relies.

. Thus, the majority’s assertion that "North Carolina law leaves no room for pleading in the alternative under the facts of this case,” ante, at 294, misses the mark by a wide margin.