DILLON, Judge.
Plaintiff Rene Robinson appeals from the trial court's order dismissing her claims against Defendant GGNSC Holdings, LLC, for the wrongful death of her mother, Velvet Foote. After careful review, we affirm.
I. Background
Plaintiff commenced this action for wrongful death on behalf of the estate of her mother, Velvet Foote. On 13 November 2014, Ms. Foote was admitted to Golden Living Center, a nursing home owned and operated by Defendant in Greenville. Nine days later, while residing at Golden Living Center, Ms. Foote consumed part of a bottle of body wash and suffered injuries as a result. In January 2015, about two months after the incident, Ms. Foote passed away.
In November 2016, Plaintiff filed the present action alleging that Ms. Foote's death was a result of her injuries from consuming the body wash. Defendant filed and served a motion for extension of time to answer Plaintiff's complaint. The trial court granted the motion and extended Defendant's time to serve a responsive pleading until 7 March 2017.
On 3 March 2017, Defendant served Plaintiff with a motion to dismiss her complaint and filed this motion on 9 March 2017.
But three weeks later, on 29 March 2017, Plaintiff filed a motion for entry of default against Defendant, alleging that Defendant had not "filed any Answer or motion for extension of time." The clerk signed and entered default on that same day. The next week, on 6 April 2017, Plaintiff moved for default judgment and made a calendar request setting the hearing on the matter for 17 April 2017. Though Plaintiff's certificate of service purports that she served notice of the default judgment hearing on April 6, she waited until April 10 to send notice to Defendant.
On 17 April 2017, before the default judgment hearing, Defendant filed a motion to set aside default and for sanctions against Plaintiff, based on Plaintiff's misrepresentations to the court. After a hearing on the matter, the trial court set aside the entry of default and entered monetary sanctions against Plaintiff.
Subsequently, the trial court heard arguments on Defendant's motion to dismiss, in which Defendant argued primarily that Plaintiff had failed to properly plead a medical malpractice claim in accordance with Rule 9(j) of the North Carolina Rules of Civil Procedure. Prior to the hearing and on the same day, Plaintiff filed an amended complaint. The trial court found that, despite Plaintiff's amendments, her complaint still alleged claims for medical malpractice and failed to satisfy Rule 9(j), and therefore granted Defendant's motion to dismiss.
Plaintiff filed a motion for relief from the trial court's order dismissing her complaint under Rules 59 and 60. After a hearing on the matter, the trial court denied the motion.
Plaintiff timely appealed.
II. Analysis
Plaintiff brings, essentially, two arguments on appeal. First, she contends that the trial court erred in setting aside entry of default against Defendant. Second, she argues that the trial court should not have dismissed her amended complaint, contending that it established a cause of action for ordinary negligence, not medical malpractice. We address each argument in turn.
A. Entry of Default
Plaintiff first argues that it was error for the trial court to set aside entry of default against Defendant and that the court should have entered a default judgment. We note that prior to the start of the hearing on Plaintiff's motion for default judgment and Defendant's motion to set aside default, Plaintiff filed an amended complaint, though without leave of court.
When a party fails to respond to an action against it in a timely manner, the clerk may enter default against it. N.C. R. Civ. P. 55(a). Then, if that party continues to fail to respond and damages are certainly computable, a final default judgment may be entered against it on the moving party's claims. N.C. R. Civ. P. 55(b).
According to Rule 12(a)(1) of the North Carolina Rules of Civil Procedure, a party normally has thirty (30) days from the service of a complaint against it to timely serve it's answer. N.C. R. Civ. P. 12(a)(1). However, service of a Rule 12 motion, such as a 12(b)(6) motion to dismiss, tolls the clock and extends the time allowed for the service of a responsive pleading until twenty (20) days after the trial court resolves the Rule 12 motion. N.C. R. Civ. P. 12(a)(1)(a).
In her motion for entry of default, Plaintiff represented that Defendant had not filed an answer or a responsive pleading of any kind in this case. Pursuant to a time extension, Defendant had until 7 March 2017 to respond to Plaintiff's original complaint. Though Defendant's Rule 12(b)(6) motion was not filed with the court until 9 March 2017, the record shows that Defendant served the motion on 3 March 2017, four days before its time to respond expired. And we note that " Rule 12(a)(1) require[d] only that [D]efendant [s]erve his [response] within thirty days." Quaker Furniture House, Inc. v. Ball , 31 N.C. App. 140, 141, 228 S.E.2d 475, 476 (1976) (emphasis added).
Defendant's motion to dismiss tolled the responsive period for service of its Answer until twenty (20) days from the resolution of the motion to dismiss. Plaintiff filed her motion for entry of default on 29 March 2017, before a hearing on Defendant's motion to dismiss had been scheduled. The evidence supports the trial court's conclusion that Defendant made timely service of its motion to dismiss, which then tolled Defendant's time to respond until after the motion had been properly reviewed. Therefore, we conclude that the trial court did not err in setting aside entry of default and denying entry of default judgment.[1]
Likewise, we conclude that the trial court did not err in ordering sanctions against Plaintiff. There was evidence before the trial court which showed that Plaintiff deliberately filed a motion for entry of default that was clearly without merit. The evidence showed that she then waited until April 10 to serve Defendant with notice of the April 17 hearing on the matter, though she submitted that service had occurred on April 6. The evidence supports the trial court's findings that there was "no good faith basis upon which to seek an entry of default" and Plaintiff made "multiple misrepresentations" to the court in her filings. We conclude that the trial court did not exceed its authority in deciding to sanction Plaintiff.
B. Pleadings Under Rule 9(j)
Plaintiff next challenges the trial court's grant of Defendant's Rule 12(b)(6) motion to dismiss her wrongful death claim. Specifically, Plaintiff argues that the trial court erred in holding that her claim qualified as a suit for medical malpractice, rather than ordinary negligence. "On appeal from an order dismissing a claim pursuant to Rule 12(b)(6), we conduct de novo review." Silver v. Halifax Cty. Bd. of Commissioners , --- N.C. ----, ----, 821 S.E.2d 755, 759 (2018).
A claim is for medical malpractice if it seeks "damages for personal injury or death arising out of the furnishing or failure to furnish professional services in the performance of medical, dental, or other health care by a health care provider." N.C. Gen. Stat. § 90-21.11 (2013) (emphasis added). The term "professional services" in this context refers to an act or service "arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual." Smith v. Keator , 21 N.C. App. 102, 105-06, 203 S.E.2d 411, 415, aff'd, 285 N.C. 530, 206 S.E.2d 203 (1974). Claims alleging injury as a result of clinical judgment and skill sound in medical malpractice, while claims alleging injury in a medical setting but not involving medical assessment are for ordinary negligence. Gause v. New Hanover Reg'l Med. Ctr. , --- N.C. App. ----, ----, 795 S.E.2d 411, 415 (2016).
Plaintiff contends that her claim is one for simple negligence, because Defendant's failure to adequately monitor and supervise Ms. Foote to ensure that she did not consume body wash did not involve the use of special knowledge or training. Rather, Plaintiff contends, Defendant's failure to supervise Ms. Foote was an act that did not require any particular clinical judgment or intellectual skill, did not qualify as professional services, and amounted to ordinary negligence. See Taylor v. Vencor, Inc. , 136 N.C. App. 528, 530, 525 S.E.2d 201, 203 (2000) (holding plaintiff's claim was for ordinary negligence where nursing home failed to supervise patient smoking cigarettes). Plaintiff asserts that the facts here are similar to those in Taylor , as Ms. Foote's injuries resulted from Defendant's failure to supervise Ms. Foote while knowing that she may injure herself.
However, in construing whether a party's claim requires a Rule 9(j) certification, we look to the language of the complaint. Anderson v. Assimos , 356 N.C. 415, 417, 572 S.E.2d 101, 102 (2002) ("[T]he pleadings have a binding effect as to the underlying theory of plaintiff's negligence claim."); see also Davis v. Rigsby, 261 N.C. 684, 686, 136 S.E.2d 33, 34 (1964) ("A party is bound by his pleadings and ... the allegations contained in all pleadings ordinarily are conclusive as against the pleader.").
Plaintiff's Amended Complaint alleges that Defendant, among other things:
23. (a).... failed to possess that degree of knowledge, training and experience ordinarily possessed by others practicing the specialty of geriatric medicine in [similar communities];
(b) failed to apply that degree of knowledge, training and experience to the care of [Ms. Foote];
...
(e) failed to properly and timely interpret the information related to them ...;
(f) failed to timely discover and disclose the cause of Ms. Foote's nausea, vomiting, and diarrhea[;]
...
(h) failed to timely and appropriately interpret the results of [the] diagnostic studies performed;
...
(j) failed to arrive at a timely and proper diagnosis consistent with [Ms. Foote's] signs, symptoms and clinical findings;
...
(r) failed to timely and appropriately determine the need for surgery;
...
(t) failed to timely and appropriately diagnose and treat rectal bleeding ;
...
(v) failed to use their best judgment in the care of treatment of [Ms. Foote];
(w) failed to provide care in accordance with the standard of practice among members of the same health care profession with similar training and experience situated in same or similar communities in 2014 ....
....
Even a cursory reading of these allegations shows that each of these contentions contemplates the use of specific knowledge or skill in assessing and subsequently addressing Ms. Foote's condition. Plaintiff alleges much more than mere failure to supervise Ms. Foote. Specifically, Plaintiff's amended complaint alleges a failure to interpret symptoms, discover medical causes, and then diagnose and treat Ms. Foote-far more than a simple failure to supervise. Diagnosis and medical treatment require the application of intellectual skill, knowledge, and training, and clearly indicate a claim for medical malpractice. The trial court did not err in dismissing Plaintiff's complaint for lack of a Rule 9(j) certification.
Plaintiff also assigns error to the trial court's refusal to dismiss her complaint without prejudice. We review the trial court's decision to dismiss with or without prejudice only for an abuse of discretion, Whedon v. Whedon , 313 N.C. 200, 213, 328 S.E.2d 437, 445 (1985), and we find no abuse of discretion here. Plaintiff had the time and opportunity to either properly amend her complaint to conform to Rule 9(j) 's requirements, or to seek a voluntary dismissal pursuant to Rule 41(a)(1). Instead, Plaintiff chose to make inappropriate attempts to enter default against Defendant, and amend her complaint to avoid the need for a Rule 9(j) certification. We cannot say that the court was without reason in dismissing her complaint with prejudice.
C. Motion for Relief from Order
Lastly, Plaintiff contends that the trial court committed error in denying her motion for relief from order under Rules 59 and 60. We review these motions for an abuse of discretion. Davis v. Davis , 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006).
To succeed under Rules 59 and 60, Plaintiff must at least show extraordinary circumstances for which justice demands that relief be granted. Howell v. Howell , 321 N.C. 87, 91, 361 S.E.2d 585, 588 (1987). In support of her motion, Plaintiff advanced the same arguments presented earlier in this case: that her complaint was rightfully one for ordinary negligence, not medical malpractice. Because we hold that Plaintiff's complaint alleges a claim for medical malpractice, we conclude that the trial court did not abuse its discretion in denying Plaintiff's motion for relief on the same grounds.
At the hearing on her Rule 59 and 60 motions for relief from order, Plaintiff also requested leave to amend her complaint again.[2] Plaintiff stated at the hearing that an expert had been retained and had already reviewed the case prior to the submission of her original complaint. However, during the hearing on entry of default, Plaintiff admitted that an expert had not yet been retained to review her case for 9(j) certification. If an expert had been retained from the beginning, Plaintiff had every opportunity to properly certify her case in her first amendment. In light of the record, we conclude that the court did not abuse its discretion in denying Plaintiff a second opportunity to amend. Thigpen v. Ngo , 355 N.C. 198, 204, 558 S.E.2d 162, 166 (2002) ("[P]ermitting amendment of a complaint to add the expert certification where the expert review occurred after the suit was filed would conflict directly with the clear intent of the legislature."). Rule 9(j) requires a complaint to be dismissed, not "dismissed or amended." Brown v. Kindred Nursing Cntrs. E., L.L.C. , 364 N.C. 76, 82, 692 S.E.2d 87, 91 (2010).
III. Conclusion
We hold that the trial court did not err in setting aside entry of default against Defendant and entering sanctions against Plaintiff. Further, we conclude that the trial court properly dismissed Plaintiff's claim for wrongful death for failure to include a Rule 9(j) certification. Her complaint, even after amendment, alleged a failure to employ the intellectual skill, knowledge, and training expected of a medical professional beyond that considered ordinary negligence.
AFFIRMED.
Report per Rule 30(e).
Judges ZACHARY and ARROWOOD concur.

We recognize Plaintiff's contention that Defendant's motion to set aside entry of default was not timely filed under Rule 5(a1) of our Rules of Civil Procedure. However, Rule 5(a1) governs service of briefs and memorandums supporting motions, not the motions themselves. N.C. R. Civ. P. 5(a1). Even if it applied, Rule (5)(a1) allows the court to take "action as the ends of justice require." N.C. R. Civ. P. 5(a)(1). Here, where entry of default was clearly incorrect, we are inclined to say that hearing Defendant's motion properly served the interest of justice.

Typically, "once the trial court enters its dismissal under Rule 12(b)(6), plaintiff's right to amend under Rule 15(a) is terminated." Johnson v. Bollinger , 86 N.C. App. 1, 7, 356 S.E.2d 378, 382 (1987). But, pursuant to a Rule 59 or 60 motion for relief, a plaintiff may request to reopen the judgment and amend her complaint. Id.