TOMMY CARTER AND TRACY CARTER, ADMINISTRATOR OF THE ESTATE OF PHYLLIS CARTER, PLAINTIFFS v. ANTHONY G. HUCKS-FOLLISS; PINEHURST SURGICAL CLINIC, P.A.; AND MOORE REGIONAL HOSPITAL, INC., DEFENDANTS

No. COA97-1530

(Filed 6 October 1998)

## Hospitals— credentialing—negligence

The trial court erred by granting summary judgment for defendant-hospital in a claim for permanent injuries sustained as a consequence of surgery where it was alleged that defendant

was negligent in re-credentialing the surgeon. Hospitals owe a duty of care to their patients to ascertain that a physician is qualified to perform surgery and, in determining whether a hospital accredited by the Joint Commission on Accreditation of Healthcare Organizations (JCAHO) has breached its duty of care in ascertaining the qualifications of the physician, it is appropriate to consider whether the hospital has complied with JCAHO standards. Those standards require that board certification be considered; here, there is evidence that defendant was aware of the surgeon's lack of certification and evidence that defendant did not consider the lack of certification. There are also genuine issues of fact on proximate cause.

Appeal by plaintiffs from order filed 26 June 1997 by Judge William C. Gore, Jr. in Hoke County Superior Court. Heard in the Court of Appeals 25 August 1998.

*The McLeod Law Firm, P.A., by Joe McLeod and William W. Aycock, Jr., for plaintiffs appellants.*

*Smith Helms Mulliss & Moore, L.L.P., by Samuel O. Southern, Matthew W. Sawchak, and Christine Nero Coughlin, for defendants appellees.*

GREENE, Judge.

Tommy and Tracy Carter (collectively, Plaintiffs) appeal from the granting of Moore Regional Hospital's (Defendant) motion for summary judgment entered 26 June 1997.

On 20 August 1993, Dr. Anthony Hucks-Folliss (Dr. Hucks-Folliss) performed neck surgery on plaintiff Tommy Carter at Defendant. Dr. Hucks-Folliss is a neurosurgeon on the medical staff of Defendant. He first was granted surgical privileges by Defendant in 1975, and has been reviewed every two years hence to renew those privileges. Though he has been on Defendant's staff for over twenty years, Dr. Hucks-Folliss never has been certified by the American Board of Neurological Surgery. Presently, Dr. Hucks-Folliss is ineligible for board certification because he has taken and failed the certification examination on three different occasions.

The credentialing and re-credentialing of physicians at Defendant is designed to comply with standards promulgated by the Joint Commission on Accreditation of Healthcare Organizations (JCAHO).

In 1992, the time when Dr. Hucks-Folliss was last re-credentialed by Defendant prior to the neck surgery performed on Tommy Carter, the JCAHO provided that board certification "is an excellent benchmark and is [to be] considered when delineating clinical privileges."

On the application filed by Dr. Hucks-Folliss, seeking to renew his surgical privileges with Defendant, he specifically stated, in response to a question on the application, that he was not board certified. Dr. James Barnes (Dr. Barnes), one of Plaintiffs' experts, presented an affidavit wherein he states that Defendant "does not appear [to have] ever considered the fact that Dr. Hucks-Folliss was not board certified, or that he had failed board exams three times," when renewing Dr. Hucks-Folliss's surgical privileges. Jean Hill (Ms. Hill), the manager of Medical Staff Services for Defendant, stated in her deposition that board certification was not an issue in the re-credentialing of active staff physicians. There is no dispute that Dr. Hucks-Folliss was on active staff in 1992. Additionally, this record does not reveal any further inquiry by Defendant into Dr. Hucks-Folliss's board certification status (beyond the question on the application).

In the complaint, it is alleged that Defendant was negligent: (1) in granting clinical privileges to Dr. Hucks-Folliss; (2) in failing to ascertain whether Dr. Hucks-Folliss was qualified to perform neurological surgery; and (3) in failing to enforce the standards of the JCAHO. It is further alleged that as a proximate result of Defendant's negligence, Tommy Carter agreed to allow Dr. Hucks-Folliss to perform surgery on him in Defendant. As a consequence of that surgery, Tommy Carter sustained "serious, permanent and painful injuries to his person including quadraparesis, scarring and other disfigurement."

The issue is whether a genuine issue of fact is presented on this record as to the negligence of Defendant in re-credentialing Dr. Hucks-Folliss.

Hospitals owe a duty of care to its patients to ascertain that a physician is qualified to perform surgery before granting that physician the privilege of conducting surgery in that hospital. *Blanton v. Moses H. Cone Hosp.*, 319 N.C. 372, 376, 354 S.E.2d 455, 458 (1987). In determining whether a hospital, accredited by the JCAHO, has breached its duty of care in ascertaining the qualifications of the physician to practice in the hospital, it is appropriate to consider whether the hospital has complied with standards promulgated by the JCAHO. Failure to comply with these standards "is some evidence of negligence." *Id.*

CARTER v. HUCKS-FOLLISS

[131 N.C. App. 145 (1998)]

In this case, Defendant has agreed to be bound by the standards promulgated by JCAHO and those standards provided in part that board certification was a factor to be "considered" when determining hospital privileges. Defendant argues that the evidence reveals unequivocally that it "considered," in re-credentialing Dr. Hucks-Folliss, the fact that he was not board certified. It points to the application submitted by Dr. Hucks-Folliss, specifically stating that he was not board certified, to support this argument. We disagree. Although this evidence does reveal that Defendant was aware of Dr. Hucks-Folliss's lack of certification, it does not follow that his lack of certification was considered as a factor in the re-credentialing decision. In any event, there is evidence from Dr. Barnes and Ms. Hill that supports a finding that Defendant did not consider Dr. Hucks-Folliss's lack of certification, or his failure to pass the certification test on three occasions, in assessing his qualifications to practice medicine in the hospital. This evidence presents a genuine issue of material fact and thus precludes the issuance of a summary judgment. *See Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985).

We also reject the alternative argument of Defendant that summary judgment is proper because there is no evidence that any breach of duty (in failing to consider Dr. Hucks-Folliss's lack of board certification prior to re-credentialing) by it was a proximate cause of the injuries sustained by Tommy Carter. Genuine issues of material fact are raised on this point as well. *See Green v. Tile Co.*, 263 N.C. 503, 505, 139 S.E.2d 538, 540 (1965) (defining proximate cause).

Reversed and remanded.

Judges TIMMONS-GOODSON and SMITH concur.