ESTATE OF DONNA S. RAY, BY THOMAS D. RAY AND ROBERT A. WILSON, IV, ADMINISTRATORS OF THE ESTATE OF DONNA S. RAY, AND THOMAS D. RAY, INDIVIDUALLY, PLAINTIFFS

v.

KEITH FORGY, M.D., P.A., INDIVIDUALLY AND AS AGENT/APPARENT AGENT OF GRACE HOSPITAL, INC. [SIC], AND/OR GRACE HEALTHCARE SYSTEM, INC. [SIC], AND/OR BLUE RIDGE HEALTHCARE SYSTEMS, INC. [SIC] AND/OR CAROLINAS HEALTHCARE SYSTEM, INC. [SIC] AND AS AN AGENT/APPARENT AGENT, EMPLOYEE AND SHAREHOLDER OF MOUNTAIN VIEW SURGICAL ASSOCIATES, [SIC] AND GRACE HOSPITAL, INC., AND/OR GRACE HEALTHCARE SYSTEM, INC., AND/OR BLUE RIDGE HEALTHCARE SYSTEM, INC. [SIC], AND/OR CAROLINAS HEALTHCARE SYSTEM, INC. [SIC], DEFENDANTS

No. COA12-1071

Filed 7 May 2013

1. **Medical Malpractice—apparent agency—summary judgment proper—release form**

   The trial court did not err in a medical malpractice case by granting summary judgment in favor of hospital defendants on the issue of whether Dr. Forgy was the hospital defendants' apparent agent. It would not be reasonable for a patient presented with the pertinent release form to assume that Dr. Forgy was a hospital employee.

2. **Medical Malpractice—corporate negligence—summary judgment improper**

   The trial court's order in a medical malpractice case granting hospital defendants' motion for summary judgment on the theory of corporate negligence based on the hospital granting Dr. Forgy privileges was reversed and remanded for further proceedings. The evidence permitted at least an inference that the hospital defendants were not reasonably diligent in reviewing Dr. Forgy's qualifications when renewing his surgical privileges.

3.  **Medical Malpractice—corporate negligence—Rule 9(j) certification not required**

The trial court did not err in a medical malpractice case by denying defendants' motion to dismiss under N.C.G.S. § 1A-1, Rule 9(j). Where corporate negligence claims arise out of policy, management or administrative decisions, the claim is rooted in ordinary negligence principles and the reasonably prudent person standard should be applied. Rule 9(j) certification is not required for these types of corporate negligence claims.

Appeal by plaintiffs from judgment entered 21 December 2007 by Judge Robert C. Ervin in Burke County Superior Court. Heard in the Court of Appeals 25 March 2013.

*Poyner Spruill LLP, by E. Fitzgerald Parnell, III and Cynthia L. Van Horne; Crowe & Davis, P.A., by H. Kent Crowe; Hill, Peterson, Carper, Bee & Deitzler, P.L.L.C, by C. Michael Bee; and C. Sue Holvey, PLLC, by C. Sue Holvey, for plaintiffs–appellants.*

*Roberts & Stevens, P.A., by Phillip T. Jackson and Ann-Patton Hornthal, for defendants–appellees Grace Hospital, Inc. and Blue Ridge HealthCare System, Inc.*

*Patterson Harkavy LLP, by Burton Craige, amicus curiae for the North Carolina Advocates for Justice.*

*Bennett & Guthrie, PLLC, by Richard V. Bennett and Joshua H. Bennett, amicus curiae for the North Carolina Association of Defense Attorneys.*

*Linwood L. Jones, amicus curiae for the North Carolina Hospital Association.*

MARTIN, Chief Judge.

The Estate of Donna S. Ray and Thomas D. Ray, individually, (together, "plaintiffs") filed suit on 25 August 2004 against Dr. Keith Forgy, M.D. ("Dr. Forgy"), Grace Hospital, Inc., Blue Ridge HealthCare System, Inc., Carolinas HealthCare System, Inc., and Grace HealthCare System, Inc., (together, "hospital defendants") alleging negligence by Dr. Forgy and by defendants under the theories of apparent agency and corporate negligence. After initially denying the hospital defendants'

motion to dismiss the case pursuant to N.C.G.S. § 1A-1, Rule 9(j), the trial court later granted hospital defendants' motion for summary judgment on 21 December 2007. The trial court certified the case for immediate appeal to this Court, which dismissed the appeal as interlocutory in an opinion filed 25 March 2009. Plaintiffs and Dr. Forgy participated in a binding arbitration in 2012, which ultimately resulted in judgment for the plaintiffs. Plaintiffs now appeal the 21 December 2007 grant of hospital defendants' summary judgment motion, as the claims against Dr. Forgy have been resolved and the case is now ripe for appeal. After careful consideration, we reverse and remand for further proceedings.

On 7 August 2003, 43-year-old Donna Ray visited her primary care physician's office, Burke Primary Care, complaining of abdominal pain, nausea, and vomiting. The doctor who evaluated Ray admitted her to Grace Hospital that day. After various tests over a period of five days, a Burke Primary Care physician requested Dr. Forgy provide a surgical consult for Ray. Dr. Forgy evaluated Ray and recommended she undergo a gastroscopy and colonoscopy. Prior to the tests, Ray signed a consent form which designated Dr. Forgy as "my physician," and separately, "Grace Hospital Personnel" as an additional healthcare provider. After the tests, Dr. Forgy recommended Ray undergo a laparoscopic cholecystectomy to surgically remove her gallbladder based on suspected gallbladder disease. Ray signed another consent form and the laparoscopic cholecystectomy was performed on 14 August 2003. The post-operative pathology report was negative for gallbladder disease. Ray was discharged from Grace Hospital two days later.

Shortly thereafter, Ray visited Dr. Forgy at his private medical office on 22 August 2003 reporting difficulty urinating and abdominal pain. Dr. Forgy inserted a catheter, which relieved the abdominal pain. Ray saw Dr. Forgy at his office two more times; he removed the catheter on 25 August and followed up with Ray the following day, before ultimately discharging her from his care with instructions to return if she had any questions or problems that she suspected were related to her cholecystectomy.

On 9 September 2003, Ray was taken to the Grace Hospital Emergency Department complaining of abdominal pain, nausea, vomiting, and difficulty urinating, where various tests were performed. A few days later, a Burke Primary Care physician requested that Dr. Forgy evaluate Ray again. After performing several tests, Dr. Forgy suspected that Ray was suffering from a biliary leak, a complication of the gallbladder removal procedure. Ray's husband, Thomas Ray, signed a consent form on her behalf authorizing Dr. Forgy to perform a laparotomy, an

exploratory abdominal surgery. Dr. Forgy's post-operative report concluded that there was "no biliary leak." Ray's condition quickly worsened after the laparotomy and she was transferred to the Intensive Care Unit at Frye Regional Medical Center on 16 September 2003. Insertion of a drain at Frye suggested that Ray did in fact have a biliary leak or an injury to the liver. On 30 October 2003, Ray was transferred to the Intensive Care Unit at UNC-Chapel Hill, where she remained until her death on 11 July 2004.

---

On appeal, plaintiffs contend the trial court erred in granting summary judgment for the hospital defendants because a genuine issue of material fact exists with regard to two theories of liability: apparent agency and corporate negligence.

"Our standard of review of an appeal from summary judgment is *de novo*; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)). On appeal, this Court "is restricted to assessing the record before it. Only those pleadings and other materials that have been considered by the trial court for purposes of summary judgment and that appear in the record on appeal are subject to appellate review." *Rentenbach Constructors, Inc. v. CM P'ship*, 181 N.C. App. 268, 277, 639 S.E.2d 16, 22 (2007) (quoting *Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. 688, 690, 340 S.E.2d 374, 377 (1986)) (internal quotation marks omitted).

I.

**[1]** Plaintiffs contend there is a genuine issue of material fact as to whether Dr. Forgy was the hospital defendants' apparent agent, thereby rendering such defendants vicariously liable for his acts through agency by estoppel. Specifically, plaintiffs argue there was no notice that Dr. Forgy was an independent contractor because his picture, name, and telephone number were advertised in defendants' brochure, and Dr. Forgy never told Ray or her husband that he was not an employee of the hospital. We disagree.

"Under the doctrine of *respondeat superior*, a hospital is liable for the negligence of a physician or surgeon acting as its agent." *Hylton v. Koontz*, 138 N.C. App. 629, 635, 532 S.E.2d 252, 257 (2000), *disc. review denied and appeal dismissed*, 353 N.C. 373, 546 S.E.2d 603–04

(2001). To hold a hospital liable for the negligence of a doctor under the theory of apparent agency,

> a plaintiff must prove that (1) the hospital has held itself out as providing medical services, (2) the plaintiff looked to the hospital rather than the individual medical provider to perform those services, and (3) the patient accepted those services in the reasonable belief that the services were being rendered by the hospital or by its employees.

*Diggs v. Novant Health, Inc.*, 177 N.C. App. 290, 307, 628 S.E.2d 851, 862 (2006), *disc. review and supersedeas denied*, 361 N.C. 426, 648 S.E.2d 209 (2007).

Here, evidence before the trial court at the time of defendants' motion for summary judgment suggests there is no issue of material fact whether Ray looked to the hospital rather than to the individual medical provider, Dr. Forgy, to perform her surgeries. Before the gastroscopy and colonoscopy, and the laparoscopic cholecystectomy, Ray signed request for treatment forms. In a section labeled "Designation(s)," she checked the box labeled "Physician" and wrote in "Dr. Forgy." Additionally, Ray separately checked a box labeled "Grace Hospital Personnel." Thomas Ray also signed nearly identical consent forms before allowing a catheter to be placed and allowing a drain to be put in his wife's abdomen. This suggests that Ray looked to Dr. Forgy separate and distinct from Grace Hospital and its personnel to receive medical treatment. *See Diggs*, 177 N.C. App. at 308–09, 628 S.E.2d at 863 ("[G]iven the distinction made between plaintiff's personal physician and the unnamed anesthesiologist [a jury could find] plaintiff was accepting [anesthesia] in the reasonable belief that [anesthesia] would be provided by the hospital and its employees."). Furthermore, Ray visited Dr. Forgy at his private medical office separate from Grace Hospital on three occasions. In doing so, Ray signed a different form specific to Dr. Forgy's practice and provided him with her health insurance information. This, again, suggests Ray and Ray's husband looked to Dr. Forgy specifically and separately from Grace Hospital to perform procedures and administer medical care.

Moreover, page two of the release form, in large print just above the signature line, provides explicit notice regarding the employment status of Grace Hospital physicians:

> I understand that many of the physicians on the staff of Grace Hospital are not employees or agents of the hospital, but rather, are independent contractors who have been

granted the privilege of using its facilities for the care and treatment of patients. . . . My signature below indicates that I have read and understand the above information.

Therefore, it would not be reasonable for a patient presented with this form to assume that Dr. Forgy was a hospital employee. *Cf. Diggs*, 177 N.C. App. at 309, 628 S.E.2d at 863 (citing *Jennison v. Providence St. Vincent Med. Ctr.*, 174 Or. App. 219, 234, 25 P.3d 358, 367 (2001)). Thus, the trial court did not err in finding no genuine issue of material fact and granting summary judgment to the hospital defendants with regard to this theory of liability.

II.

**[2]** Plaintiffs next contend there is a genuine issue of material fact as to whether the hospital defendants breached a duty to Ray when they re-credentialed Dr. Forgy as a member of the medical staff in 2001, did not adequately monitor or supervise him, and failed to investigate his history of medical negligence claims.

"[T]here are fundamentally two kinds of [corporate negligence] claims: (1) those relating to negligence in clinical care provided by the hospital directly to the patient, and (2) those relating to negligence in the administration or management of the hospital." *Estate of Waters v. Jarman*, 144 N.C. App. 98, 101, 547 S.E.2d 142, 144, *disc. review denied*, 354 N.C. 68, 553 S.E.2d 213 (2001). Cases alleging a failure by the hospital to adequately monitor and oversee a physician or which contend the hospital was negligent in granting privileges to unqualified physicians are examples of the latter, and require the court to apply the reasonably prudent person standard of care in assessing negligence. *Id.* at 102–03, 547 S.E.2d at 145 (discussing *Blanton v. Moses H. Cone Hosp., Inc.*, 319 N.C. 372, 375, 354 S.E.2d 455, 457 (1987)).

A failure to inquire further into a matter listed on an application for renewal of surgical privileges has been deemed sufficient to raise a genuine issue of material fact as to whether a hospital was negligent in re-credentialing a doctor. *See Carter v. Hucks-Folliss*, 131 N.C. App. 145, 147–48, 505 S.E.2d 177, 178–79 (holding there was a genuine issue of material fact that the hospital was negligent in renewing a doctor's surgical privileges when his application for renewal said he was not board certified and the record revealed no further inquiry by the hospital into the doctor's certification status), *disc. review denied*, 349 N.C. 528, 526 S.E.2d 173 (1998). Here, Dr. Forgy filled out an "Application for Reappointment Form" on 10 August 2001 to renew his staff privileges at

Grace Hospital. The form asked if professional liability suits had been filed against him since his last application and if so, how many. The form also specified that "if YES, please provide full explanation on a separate sheet, and attach." Dr. Forgy checked "YES" and listed the number "1" twice, indicating that one professional liability suit had been filed against him since his last application and that there was one "presently pending." Dr. Forgy attached information related to his professional liability insurance, as the form instructed, but did not attach an explanation or any documentation related to the pending professional liability suit. Dr. Forgy acknowledged in his deposition that several liability cases had been filed against him in the past, and that some of those cases went to judgment. When asked whether anyone at the hospital had ever discussed the care of those patients with him, he said "not to my recollection," and "not that I remember." Considered in the light most favorable to plaintiffs, this evidence permits at least an inference that the hospital defendants were not reasonably diligent in reviewing Dr. Forgy's qualifications, raising a genuine issue of material fact with respect to their negligence in renewing Dr. Forgy's surgical privileges. Accordingly, we hold the court erred in granting defendants' motion for summary judgment.

**[3]** As an alternative basis for upholding the dismissal of plaintiffs' complaint, the hospital defendants assert that the trial court erred by denying their motion to dismiss the complaint prior to the motion for summary judgment because plaintiffs failed to comply with the special pleading rules for medical malpractice cases contained in N.C.G.S. § 1A-1, Rule 9(j). We disagree.

When alleging medical malpractice, a complaint must

> specifically assert[] that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is *reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence* and who is willing to testify that the medical care did not comply with the applicable standard of care . . . .

N.C. Gen. Stat. § 1A-1, Rule 9(j)(1) (2011) (emphasis added). Defendants contend that plaintiffs could not have reasonably expected their proffered expert witness, Dr. Daly, to qualify as an expert because he does not meet the same or similar specialty test under North Carolina Rule of Evidence 702(b)(1) or the majority of professional time requirement under Rule 702(b)(2).

This Court held in *Estate of Waters*, 144 N.C. App. at 102–03, 547 S.E.2d at 145, that where corporate negligence claims "arise[] out of policy, management or administrative decisions, such as granting or continuing hospital privileges, failing to monitor or oversee performance of the physicians, credentialing, and failing to follow hospital policies," the claim is rooted in ordinary negligence principles and the "reasonably prudent person" standard should be applied. Accordingly, Rule 9(j) certification is not required for these types of corporate negligence claims. *See id.* at 103, 547 S.E.2d at 145. Thus, the trial court was correct in denying defendants' motion to dismiss based on Rule 9(j).

The trial court's order granting summary judgment to the hospital defendants on the theory that Dr. Forgy was acting as such defendants' agent is affirmed, as is its order denying defendants' motion to dismiss pursuant to N.C.G.S. § 1A-1, Rule 9(j). The trial court's order granting the hospital defendants' motion for summary judgment on the theory that they were negligent in granting Dr. Forgy privileges is reversed and the case is remanded to the trial court for such proceedings as may be required.

Affirmed in part, reversed in part and remanded.

Judges HUNTER and STEPHENS concur.