NO. COA13-1336

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

ANNE B. GOODMAN, Administrator of
the Estate of RICHARD CLYDE BOST,
Deceased,
    Plaintiff,

v.                                      Rowan County
                                        No. 13 CVS 172
LIVING CENTERS—SOUTHEAST, INC.,
d/b/a BRIAN CENTER OF SALISBURY
and/or BRIAN CENTER HEALTH &
REHABILITATION/SALISBURY,
    Defendants.


Appeal by plaintiff from order entered 25 July 2013 by Judge Mark E. Klass in Rowan County Superior Court. Heard in the Court of Appeals 9 April 2014.

> *DORAN, SHELBY, PETHEL and HUDSON, P.A., by Michael Doran, for plaintiff-appellant.*
>
> *HAGWOOD ADELMAN TIPTON*, by Amy E. Oleska, for defendant-appellee.


ELMORE, Judge.


Anne B. Goodman (plaintiff), representative of the estate of Richard Clyde Bost (the decedent), appeals from an order dismissing her 18 January 2013 complaint against the Brian Center of Salisbury ("defendant" or "Brian Center"). The trial court's order was predicated on the grounds that plaintiff's

claims were barred by the statute of repose. We conclude that plaintiff's claims were not in fact barred by the statute of repose. Accordingly, the trial court's order should be reversed, and this case should be remanded for further proceedings consistent with this opinion.

## I.    **Procedural Background**

On or about 22 April 2008, the decedent, at the age of eighty-four, became a permanent resident of the Brian Center, a long-term nursing and rehabilitation facility in Salisbury. On 13 September 2008, defendant, through its agents, allegedly caused an instrumentality for the delivery of I.V. fluids to be improperly positioned next to the decedent's bed. Due to its unstable placement, the instrumentality fell on the decedent causing serious injuries to the decedent's upper body, including blunt trauma to his head, a broken nose, and various cuts and contusions. The decedent was admitted to Rowan Regional Medical Center and treated for his injuries. Once stabilized, he was released to a different nursing home facility where he later died on 6 October 2008. The decedent did not return to the Brian Center at any point after the incident.

On 5 October 2010, plaintiff, on behalf of the decedent's estate, filed a complaint in Rowan County Superior Court seeking

an award of damages on the basis of allegations sounding in negligence, wrongful death, and breach of contract. On 18 January 2012, plaintiff voluntarily dismissed her action without prejudice pursuant to Rule 41 of the North Carolina Rules of Civil Procedure. One year later, on 18 January 2013, plaintiff refiled her action against defendant, asserting the same three causes of action as set forth in her 5 October 2010 complaint. On 25 February 2013, defendant moved for dismissal of plaintiff's action and/or summary judgment in its favor on grounds that (1) defendant was an improper party to the action as it had not held a license or any interest in the requisite facility since 2005, and (2) plaintiff's claims were barred by the statute of repose. On 24 July 2013, the trial court entered an order dismissing plaintiff's action with prejudice after finding that plaintiff's action was barred by the statute of repose. Plaintiff timely appealed to this Court on 23 August 2013.

## II. **Analysis**

On appeal, plaintiff argues that the trial court erred in dismissing her action for failing to timely file under the statute of repose when "the gravamen of the [c]omplaint is ordinary negligence." We agree.

"This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003). Further, when there are no disputed factual issues, issues regarding the application of a statute of limitations or statute of repose are questions of law reviewable *de novo*. *Udzinski v. Lovin*, 159. N.C. App. 272, 273, 583, S.E.2d 648, 649 (2003), *aff'd*, 358 N.C. 534, 597 S.E.2d 703 (2004).

According to N.C. Gen. Stat. § 90-21.11(2)(a) (2013), a medical malpractice action is defined as a "civil action for damages for personal injury or death arising out of the furnishing or failure to furnish professional [health care] services." The North Carolina Court of Appeals has defined "professional services" as an act or service "arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor [or] skill involved is predominantly mental or intellectual, rather than physical or manual." *Lewis v. Setty*, 130 N.C. App. 606, 608, 503 S.E.2d 673, 674 (1998) (quotation omitted). The distinction between medical malpractice actions and ordinary negligence

actions is significant for two primary reasons. First, medical malpractice actions are subject to the statute of repose, which mandates: "[I]n no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action[.]" N.C. Gen. Stat. § 1-15(c). Second, plaintiffs filing a medical malpractice action are required to comply with the certification requirements of Rule 9(j) of the North Carolina Rules of Civil Procedure. *See* N.C. R. Civ. P. § 1A-1, Rule 9(j). Specifically, pursuant to Rule 9(j), any complaint alleging medical malpractice by a health care provider pursuant to N.C. Gen. Stat. § 90-21.11(2)(a) (2013) shall be dismissed unless:

> (1) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;

> (2) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that

the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or

(3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. Gen. Stat. § 1A-1, Rule 9(j).

Defendant contends that plaintiff has waived her right to argue that her action sounded in ordinary negligence because she failed to allege ordinary negligence before the trial court. We disagree. After reviewing the hearing transcript, it is clear that defendant assumed plaintiff's action was one for medical malpractice and therefore based its argument for dismissal, in part, on an alleged violation of the statute of repose. However, a review of plaintiff's complaint reveals that her claims sounded in ordinary negligence. Plaintiff neither referenced "medical malpractice" in her complaint nor did she obtain expert certification pursuant to Rule 9(j). We assume that the trial court found plaintiff's claims sounded in medical malpractice, given its dismissal of the action pursuant to the statute of repose. However, the trial court need not have reached the merits of defendant's argument regarding the statute of repose. Assuming the action was for medical malpractice, the trial court was required to dismiss it on the basis that the

complaint lacked a Rule 9(j) certification. *See id*. For the forthcoming reasons, this is not a case in which the statute of repose is applicable, and, accordingly, we must address plaintiff's argument that the action sounded in ordinary negligence.

The crux of the issue before us is whether plaintiff's claims, which stem from an incident in which defendant, acting through its agents, improperly placed an instrumentality for the delivery of I.V. fluids near the decedent such that it fell and injured him, constitute a medical malpractice action or an action sounding in ordinary negligence. In making such determination, we look to whether the injury resulted from the application of "specialized knowledge, labor, or skill," or from actions which were primarily "physical or manual." *Setty* at 608, 503 S.E.2d at 674. Prior case law is instructive. For example, in *Setty*, the quadriplegic plaintiff was injured when he was moved from an examination table to a wheelchair. *Id*. This Court held that the alleged negligent conduct was "predominately a physical or manual activity" which did not implicate the defendant's professional services but fell "squarely within the parameters of ordinary negligence." *Id.* Similarly, in *Norris v. Rowan Memorial Hospital*, this Court

concluded that the hospital employees' failure to raise the rails of a bed or instruct the patient to ask for assistance in getting out of bed (which resulted in the patient falling and breaking her hip) stemmed from ordinary negligence because the "alleged breach of duty did not involve the rendering or failure to render professional nursing or medical services requiring special skills." 21 N.C. App. 623, 626, 205 S.E.2d 345, 348 (1974). Finally, in *Taylor v. Vencor, Inc.*, the administrator of a patient's estate brought a wrongful death action against a nursing home, alleging that the nursing home failed "through inadequate staffing and other negligent behavior, to provide adequate observation and supervision" of a patient who died after lighting her nightgown on fire when attempting to light a cigarette. 136 N.C. App. 528, 529, 525 S.E.2d 201, 202 (2000). This Court held that "the observance and supervision of the plaintiff, when she smoked in the designated smoking area, did not constitute an occupation involving specialized knowledge or skill." *Id*. at 530, 525 S.E.2d at 203. We additionally remarked: "Preventing a patient from dropping a match or a lighted cigarette upon themselves, while in a designated smoking room, does not involve matters of medical science." *Id*.

In the instant case, plaintiff alleges that defendant breached its duty (1) to exercise due care with respect to providing reasonably safe living quarters for its residents, (2) to warn residents of unsafe conditions, and (3) to supervise patients when:

a) Defendant placed the aforesaid instrumentality in such a position as to be unreasonably unstable so as to constitute a hazard to those in close proximity hereto, such as plaintiff's decedent;

b) Defendant failed to properly supervise the plaintiff's decedent's activities once defendant installed use of the instrumentality to provide intravenous fluids to plaintiff's decedent; AND

c) Defendant failed to warn plaintiff's decedent of the presence of the instrumentality and to warn plaintiff's decedent of the instability of the equipment.

In essence, plaintiff alleges that defendant, through its agents, failed to safely position the I.V. apparatus in the decedent's room and failed to warn the decedent accordingly. Based on prevailing case law, we hold that defendant's acts or failure to act clearly involved the exercise of manual dexterity as opposed to the rendering of any specialized knowledge or skill. *See*, *e.g.*, *Norris*, 21 N.C. App. at 626, 205 S.E.2d at

348. Accordingly, we hold that the claims asserted in plaintiff's complaint sound in ordinary negligence rather than medical malpractice.

Given that plaintiff's claims sound in ordinary negligence, her action is subject to the three-year statute of limitations set forth in N.C. Gen. Stat. § 1-52(16) (2013) (providing that an action for personal injury not governed by the statute of repose, N.C. Gen. Stat. § 1-15(c), shall be brought within three years of the date upon which bodily harm to the claimant "becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs"). Here, the decedent was injured on 13 September 2008. Plaintiff filed her initial complaint within the three-year period on 5 October 2010. She subsequently voluntarily dismissed the action without prejudice pursuant to Rule 41. Under Rule 41, a new action based on the same claim may be commenced within one year after such dismissal, and "the refiled case will relate back to the original filing for purposes of tolling the statute of limitations." *Losing v. Food Lion, L.L.C.*, 185 N.C. App. 278, 283, 648 S.E.2d 261, 264-65 (2007). Because plaintiff voluntarily dismissed her complaint on 18 January 2012 and timely refiled it on 18 January 2013, her complaint is not time

barred. Further, given that plaintiff's claims sounded in ordinary negligence rather than medical malpractice, the four-year statute of repose provided for in N.C. Gen. Stat. § 1-15(c) was inapplicable. Plaintiff's claims are not barred by the statute of limitations or the statute of repose. Accordingly, the trial court erred in dismissing plaintiff's action with prejudice on grounds that plaintiff violated the statue of repose.


Reversed and remanded.

Judges McCULLOUGH and DAVIS concur.