IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-96

No. COA20-436

Filed 6 April 2021

Person County, No. 19 CVS 752

DALE LUNSFORD, Plaintiff,

v.

DAVID K. TEASLEY, Defendant.

Appeal by Plaintiff from Order entered 27 January 2020 by Judge Orlando F. Hudson, Jr. in Person County Superior Court. Heard in the Court of Appeals 9 March 2021.

*Paulina Y. Lopez for plaintiff-appellant.*

*David K. Teasley, pro se, defendant-appellee.*

MURPHY, Judge.

¶ 1        A civil action is "commenced" only through the procedures set out in Rule 3 of our Rules of Civil Procedure. Regardless of an intervening expiration of the statute of limitations, when a party voluntarily dismisses a claim without prejudice, "a new action based on the same claim may be commenced within one year after such dismissal." N.C.G.S. § 1A-1, Rule 41(a)(1) (2019). Under Rule 3(a), there are two methods available to a party to commence the new action. First, the party may commence an action "by filing a complaint with the court." N.C.G.S. § 1A-1, Rule 3(a) (2019). Second, the new civil action may be commenced by the issuance of a summons

and a trial court's grant of a twenty-day extension to file the complaint, which tolls the statute of limitations and/or expiration of the Rule 41(a)(1) extension. N.C.G.S. § 1A-1, Rule 3(a) (2019); *Goodman v. Living Ctrs.-Se., Inc.*, 234 N.C. App. 330, 335, 759 S.E.2d 676, 680 (2014). Here, because neither method of commencing a suit occurred before the expiration of one year, the trial court properly dismissed the action.

¶ 2 Plaintiff Dale Lunsford appeals from an order granting Defendant David Teasley's motion to dismiss his *Complaint* as untimely. Lunsford commenced his original action on 14 November 2017. On 26 September 2018, Lunsford gave notice of his voluntary dismissal without prejudice in accordance with Rule 41(a)(1). N.C.G.S. § 1A-1, Rule 41(a)(1) (2019). Almost one year later, on 24 September 2019, Lunsford requested the issuance of an order extending his time to file a complaint pursuant to Rule 3(a)(1) from the Clerk of Person County. N.C.G.S. § 1A-1, Rule 3(a)(1) (2019). The clerk purported to grant a twenty-day extension pursuant to Rule 3(a)(2). N.C.G.S. § 1A-1, Rule 3(a)(2) (2019). However, the Record does not demonstrate a summons was issued to commence the new action, and Lunsford makes no argument a summons was issued as required by Rule 3(a)(1). N.C.G.S. § 1A-1, Rule 3(a)(1) (2019). Lunsford did not file his second *Complaint* in this action until 9 October 2019, over one year after his Rule 41(a)(1) extension.

¶ 3 "Our review of the grant of a motion to dismiss under Rule 12(b)(6) of [our]

Rules of Civil Procedure is de novo." *Bridges v. Parrish*, 366 N.C. 539, 541, 742 S.E.2d 794, 796 (2013). "Likewise, questions of statutory interpretation are ultimately questions of law for the courts and are reviewed de novo." *Azure Dolphin, LLC v. Barton*, 371 N.C. 579, 594, 821 S.E.2d 711, 722 (2018) (internal citation and marks omitted).

¶ 4 "Where statutory language is clear and unambiguous, our Courts do not 'engage in judicial construction but must apply the statute to give effect to the plain and definite meaning of the language.'" *Edwards v. Morrow*, 219 N.C. App. 452, 455, 725 S.E.2d 366, 369 (2012) (quoting *Fowler v. Valencourt*, 334 N.C. 345, 348, 435 S.E.2d 530, 532 (1993)), *appeal dismissed, disc. rev. denied*, 366 N.C. 403, 737 S.E.2d 378 (2012). Rule 3(a) of our Rules of Civil Procedure provides two methods by which a civil action may be commenced:

> (a) A civil action is commenced *by filing a complaint* with the court. . . .
>
> A civil action may also be *commenced by the issuance of a summons* when
>
> (1) A person makes application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days and
>
> (2) The court makes an order stating the nature and purpose of the action and granting the requested permission.
>
> The summons and the court's order shall be served in accordance with the provisions of Rule 4.

N.C.G.S. §1A-1, Rule 3(a) (2019) (emphasis added).

¶ 5        Lunsford commenced an action under the first method by filing a complaint on 9 October 2019, outside of the one-year period granted by Rule 41(a)(1).  As a result, Lunsford could only have complied with the Rule 41(a)(1) one-year limitation by issuing a summons and receiving a twenty-day extension.  However, nothing in the Record indicates a summons was ever issued.  Applying the plain language of Rule 3(a), the *Application and Order Extending Time to File Complaint*, filed on 24 September 2019, did not commence a new action under the second method absent the issuance of a summons.  The trial court did not err in dismissing the second *Complaint* as the new action was commenced on 9 October 2019 by the filing of the *Complaint*, after the expiration of the one-year period prescribed by Rule 41(a)(1).

AFFIRMED.

Judges TYSON and GORE concur.